THE STATE OF OHIO *v.* HOWARD.

(No. 83 CRB 9789—Decided May 18, 1983.)

Hamilton County Municipal Court.

*Mr. Patrick Dumphy,* for plaintiff.
*Mr. H. Fred Hoefle,* for defendant.

HOGAN, J. The defendant herein is charged with soliciting, a violation of R.C. 2907.24(A), which states as follows:

"No person shall *solicit* another to engage with such other person in sexual activity for hire." (Emphasis added.)

The dialogue between the undercover policeman and the defendant took place on May 7, 1983 at approximately 3:00 a.m. on Vine Street. The policeman approached the defendant standing on or near the curb and said, "Are you dating?" The defendant responded, "Do you have any money?" The policeman's response was, "Is $15.00 enough?" The defendant replied affirmatively. The officer's next statement was "What will you do?" The defendant's answer was "anything." "Oral sex?" asked the officer. The defendant agreed, got into the car and was promptly arrested and charged with the offense of soliciting.

The defense of entrapment is asserted by the defendant. Stated briefly, entrapment occurs when the whole criminal idea and purpose originates with the police, not the defendant. It has been held that the officer may go so far as to suggest the offense if the defendant is predisposed to commit it and avoid the defense of entrapment. *State* v. *Dutton Drugs, Inc.* (1965), 3 Ohio App. 2d 118 [32 O.O.2d 204]; *Sorrells* v. *United States* (1932), 287 U.S. 435; *State* v. *McDonald* (1972), 32 Ohio App. 2d 231 [61 O.O.2d 252]. The court finds the defense of entrapment to be invalid in light of the facts and circumstances of this case and in particular the defendant's first mention of money and his admitted prior history of prostitution and soliciting offenses.

The court finds that this case turns upon the definition of "solicit" contained in 4 OJI Criminal 507.24, as meaning "* * * to entice, urge, lure or ask."

The defendant in this case did not entice, urge, lure or ask for money in return for sexual performance. What defendant did was agree to what the officer had suggested and as such he cannot be found to be guilty of soliciting, an offense unlike some other offenses where entrapment is raised, where the crime *is* in the asking.

The defendant is found not guilty and shall be discharged.

*Defendant not guilty.*