THE STATE OF OHIO, APPELLANT, *v.* BIRELEY, APPELLEE.

(No. CA86-03-005 — Decided
May 19, 1986.)

*John H. Roszmann,* prosecuting attorney, for appellant.

*Schwart & Drake, C. Jay Schwart* and *Omar A. Schwart,* for appellee.

*Per Curiam.* Defendant-appellee, Barbara Jean Bireley, was indicted and tried for conspiracy to murder in the death of her husband, Dr. Michael Bireley. He was found severely beaten in his Washington Court House home and died of a heart attack one month later in a Columbus hospital. During trial, on defense's case-in-chief, defense counsel asked Sgt. Larry Walker, the chief investigating officer on the case, if anyone else had been charged. The prosecutor immediately objected and moved for a mistrial. The trial court denied the motion, but strongly admonished the jury to disregard the question. Appellee was found not guilty, and the state now moves for leave to appeal pursuant to R.C. 2945.67 and App. R. 4 and 5.

R.C. 2945.67 states, in pertinent part:

"(A) A prosecuting attorney * * * may appeal as a matter [of] right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

In its motion for leave to appeal, the state argues that it was prejudicial error for the court not to have granted the mistrial because the question was "so improper that it tainted the minds of the jurors as soon as it was asked. The damage had been done and no amount of warnings or admonitions by the trial judge could have cured the error nor erased the impact of the question." In making this argument, the state places great reliance upon the case of *State* v. *Arnett* (1986), 22 Ohio St. 3d 186, 22 OBR 272, 489 N.E. 2d 284.

In *Arnett,* the defendant was found not guilty of murder in the shooting death of an individual. The state sought leave to appeal from the Court of Appeals for Scioto County on the issue of the admissibility of expert psychiatric testimony utilized by the defendant which indicated that the defendant was in fear for his life at the time of the shooting, thus supporting the defendant's claim of self-defense. The court of appeals refused to allow the state leave to appeal. The Ohio Supreme Court, however, reversed the court of appeals and ordered that leave to appeal be granted, finding in the process that such an appeal was proper under R.C. 2945.67 on admissibility of evidence questions, regardless of the fact that the defendant had been acquitted. In making this ruling, the Supreme Court relied on the case of *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629.

In *Keeton,* the Supreme Court ruled that leave to appeal may be granted on evidentiary questions pursuant to R.C. 2945.67, even though not specifically spelled out therein, under the " 'any other decision, except the final verdict * * *' " language of that statute. *Arnett, supra,* at 188, 22 OBR at 273, 489 N.E. 2d 285, citing *Keeton, supra,* at 381, 18 OBR at 435, 481 N.E. 2d at 631.

Appellee herein responds to the mo-

tion for leave to appeal by arguing that the state's motion for leave should be denied for five reasons. These reasons are: (1) that the state has failed to adhere to the dictates of *State* v. *Wallace* (1975), 43 Ohio St. 2d 1, 72 O.O. 2d 1, 330 N.E. 2d 697; (2) that this court lacks jurisdiction to grant the remedy requested by the state; (3) that the question at issue in appellant's motion was wholly proper; (4) that even assuming *arguendo* that the question was improper, there were no grounds for a mistrial due to the fact that there was no prejudice to the state; and (5) that the state had available additional measures which could have been utilized to prevent the instant attempt at appeal, but failed to do so, and has therefore waived its right to request leave to appeal.

After a review of the arguments for both sides, it is this court's decision that the motion for leave is denied.

First, this court denies the motion for leave to appeal because the issue in question is not one of admissibility of evidence, but rather the alleged prejudice to the state of a question which was asked in the presence of the jury. In terms of an evidentiary question, no evidence was presented. In fact, the question was never completed, and even if the question were completed, it was not answered. This court is not prepared to rule that the asking of this question was an evidentiary matter bringing the issue under the auspices of *Arnett, supra*. We find *Arnett* inapplicable to the facts of the case *sub judice*. By failing to fall under the *Arnett* exception to R.C. 2945.67, this court lacks jurisdiction to grant leave to the state to appeal.

Second, this court does not find the incomplete question to be prejudicial. Assuming that defense counsel's inquiry

as to whether others had been charged[1] was improper (on the basis that it was irrelevant pursuant to Evid. R. 402), this court fails under any circumstances to see how the state was prejudiced by the attempted asking of the question. The question was not completed, and it was not answered; additionally, the court admonished the jury to disregard the question. If any prejudice resulted it came only from the protracted and heated objections by the state and its demands for a mistrial. Therefore, if the incomplete question was improper, it certainly is not sufficiently alleged by the state, in its motion for leave to appeal, that it was so prejudiced as to allow this court to grant leave to appeal.

For the reasons stated above, this court denies the state leave to appeal.

*Motion denied.*

KOEHLER, P.J., and HENDRICKSON, J., concur.

JONES, J., concurs separately.

JONES, J., concurring. While agreeing that the state should be denied leave to appeal, I write separately because I believe the question asked by defense counsel was entirely proper. Why shouldn't the jury be permitted to know that no other person had been charged in the case? Defendant was indicted for conspiracy to murder her husband. In order for a "conspiracy" to exist, there must be fellow conspirators. Why weren't they charged? Presumably the state is able to answer such a question, and I have no doubt the jury would have liked to know such answer. The answer could be quite simple! Others were not charged because there was insufficient

---

[1] We are presuming the question would have been completed with the phrase "charged in the conspiracy." Since the question was not completed, we cannot be sure whether this was the question or whether the question would have been "charged in the murder."

evidence to convict them. The jurors surely wondered, and were entitled to know why others were not charged. The state's failure to charge any co-conspirator may well have been easily explained. Assuming, *arguendo,* defendant was indeed guilty of conspiracy to murder her husband, the state's failure to explain why her fellow conspirator(s) were not charged may be the precise reason the jury acquitted her. The prosecutor is "hoisted by his own petard."