**The STATE of Ohio, Appellee,**

v.

**SWANN, Appellant.**

[Cite as *State v. Swann* (2001), 142 Ohio App.3d 88.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000567.

Decided March 30, 2001.

*Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, and *Frances L. Sheard,* Senior Assistant City Prosecutor, for appellee.

*Darin S. Barber,* for appellant.

PAINTER, Judge.

Defendant-appellant Remeka Swann was convicted of soliciting. Remarkably, the facts are not even in dispute. According to Cincinnati Police Officer Chancey

Prude, he and his partner, who was hiding in the trunk of their unmarked car, were patrolling to catch prostitutes. Swann was walking along the street, and Prude pulled his car to the curb and engaged her in conversation. He then invited her into the car, and they discussed various things, at first not of a sexual nature.

Officer Prude testified that the sexual issue arose in the following manner: "[I asked her] well, do you want to trade off crack—or instead of money for the sex act, which was oral sex, and she said no, I'll take the money. I said okay, and I said, how much is it going to cost me, and we kind of went back and forth on that, and I said $10, and she said no, I'll take $15." At that point, a prearranged signal brought Prude's partner from his hiding place in the trunk, and he arrested Swann.

Swann's testimony is similar: "He [Officer Prude] asked me, did I want to do something for some money and he offered me $10 for oral sex and I said, no, not $10. I did say maybe $15, and he said what would you do for everything. I said, I'm not doing everything."

The charge against Swann was soliciting, in violation of R.C. 2907.24, which states that "[n]o person shall solicit another to engage with such other person in sexual activity for hire." In spite of the syntactically jumbled sentence, we can discern that three elements make up the offense: (1) the accused's solicitation of another, (2) to engage in sexual activity, (3) for hire.[1] The first element is the only one in question here. "Solicit" is defined as "to entice, urge, lure or ask."[2]

The state's position is that any time a person *agrees* to have sex for money, the statute is violated. That would be true if the statute read "agree with another" rather than "solicit another." But we cannot redraft the statute; we have to hold that it means what it says. Furthermore, criminal statutes, according to the same statutory scheme, are to be interpreted strictly against the state.[3]

Swann did not "entice, urge, lure or ask" the officer for anything. She simply agreed to his suggestion. This case is almost exactly the same as *State v. Howard*,[4] the facts of which were as follows: "The policeman approached the defendant standing on or near the curb and said, 'Are you dating?' The

---

1. See *State v. Son* (Dec. 11, 1998), Trumbull App. No. 98-T-0019, unreported, 1998 WL 964530.

2. See 4 Ohio Jury Instructions (1997) 199, Section 507.24.

3. See R.C. 2901.04(A).

4. (1983), 7 Ohio Misc.2d 45, 7 OBR 309, 455 N.E.2d 29.

defendant replied affirmatively. The officer's next statement was 'What will you do?' The defendant's answer was 'anything.' 'Oral sex?' asked the officer. The defendant agreed, got in the car and was promptly arrested and charged with the offense of soliciting."[5]

The court in *Howard* ruled as follows: "The defendant in this case did not entice, urge, lure or ask for money in return for sexual performance. What defendant did was agree to what the officer had suggested and as such he cannot be found to be guilty of soliciting, an offense unlike some other offenses where entrapment is raised, where the crime *is* in the asking."[6]

■ We agree with the reasoning of *Howard* that, in a soliciting case, the crime is the asking.[7] Swann was the solicitee, not the solicitor. Although she agreed to the solicitation, the specific crime with which she was charged does not prohibit acceptance, only entreaty. Of course, if she had gone through with the act, she would have been guilty of prostitution, regardless of who had made the original solicitation. That distinction makes sense, especially because the law should be slow to punish conversation alone.[8]

We reverse the trial court's judgment and order Swann discharged from further prosecution.

*Judgment reversed*
*and appellant discharged.*

DOAN, P.J., and WINKLER, J., concur.

---

5.  *Id.* at 45, 7 OBR at 309, 455 N.E.2d at 29.

6.  *Id.* at 45, 7 OBR at 309, 455 N.E.2d at 30.

7.  See, also, *State v. Anderson* (2000), 618 N.W.2d 369, 372.

8.  See *State v. Asher* (1996), 112 Ohio App.3d 646, 679 N.E.2d 1147 (Painter, J., concurring).