**In re N.I.**

[Cite as *In re N.I.*, 191 Ohio App.3d 97, 2010-Ohio-5791.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95085.

Decided Nov. 24, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Nicole Ellis, Assistant Prosecuting Attorney, for appellant, the state of Ohio.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, and Lisa Rankin, Assistant Public Defender, for appellee, N.I.

---

MARY J. BOYLE, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, dismissing a complaint against defendant-appellee, N.I., after it determined that it was in the "best interest of the child and community."[1] For the reasons that follow, we dismiss the appeal.

{¶ 2} In August 2009, a complaint for rape was brought against N.I., "a child of about the age of 13." In January 2010, the trial court found that the state had

---

1. The state originally requested that the record on appeal include the complete transcript pursuant to App.R. 9(B). But it later amended its praecipe pursuant to App.R. 9, requesting that only the original papers and exhibits be included, as well as a certified copy of the docket and journal entries. Thus, there is no transcript of any of the proceedings on appeal.

proved the complaint beyond a reasonable doubt and found N.I. to be delinquent by having committed rape.

{¶ 3} In March 2010, N.I. moved the court to reconsider its finding of delinquency or to dismiss the complaint pursuant to his best interest under Juv.R. 29(F)(2)(d).

{¶ 4} After holding a dispositional hearing, the court found that "substantial grounds exist to mitigate the delinquent child's conduct" and ordered the complaint against N.I. be "dismissed pursuant to Juv.R.29(F)(2)(d) as the court finds that the dismissal is in the best interest of the child and community."

{¶ 5} It is from this judgment that the state moved for leave to appeal pursuant to R.C. 2945.67(A), which this court granted. In its sole assignment of error, the state maintains:

{¶ 6} "The trial court abused its discretion when it dismissed the complaint pursuant to Juv.R. 29(F)(2)(d)."

## Jurisdiction

{¶ 7} The state may appeal a juvenile court's delinquency decision only in limited circumstances. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2945.67; *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372. Pursuant to R.C. 2945.67(A), the state "may appeal as a matter of right any decision * * * of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict * * * of the juvenile court in a delinquency case."

{¶ 8} Thus, "[p]ursuant to R.C. 2945.67(A), the General Assembly has given the courts of appeals discretionary authority to decide whether to hear an appeal from a decision adverse to the state other than a final verdict." *State v. Bistricky* (1990), 51 Ohio St.3d 157, 159, 555 N.E.2d 644, citing *State v. Fisher* (1988), 35 Ohio St.3d 22, 517 N.E.2d 911.

{¶ 9} Here, the trial court dismissed the complaint against N.I. after the dispositional hearing, concluding that it was in N.I.'s best interest to do so. Although the state normally has the right to appeal a decision by the trial court granting a motion to dismiss, in this case the trial court's decision to do so was a "final verdict" to which double jeopardy attached. *In re Arnett*, 3d Dist. No. 5-04-20, 2004-Ohio-5766, 2004 WL 2426258, ¶ 21.

{¶ 10} In *Arnett*, the court explained:

{¶ 11} "In *Breed v. Jones,* the United States Supreme Court stated that 'in terms of potential consequences, there is little to distinguish an adjudicatory hearing * * * from a traditional criminal prosecution.' *Breed v. Jones* (1975), 421 U.S. 519, 530, 95 S.Ct. 1779, 44 L.Ed.2d 346 (holding that after adjudicating a case in juvenile court, the subsequent filing of the same charges in 'adult' court violated the defendant's right against double jeopardy). Furthermore, the Court announced that '[j]eopardy attached when respondent was "put to trial before the trier of the facts," that is when the Juvenile Court, as the trier of the facts, began to hear evidence.' Id. at 531 [95 S.Ct. 1779, 95 S.Ct. 1779] (citing *United States v. Jorn* (1971), 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543) (internal citations omitted). See, also, *State v. Penrod* (1989), 62 Ohio App.3d 720, 724, 577 N.E.2d 424." *Arnett* at ¶ 20.

{¶ 12} Here, there is no question that N.I. was "put to trial before the trier of the facts," and that the trier of fact "began to hear evidence." Indeed, the trier of fact heard all of the evidence and found N.I. to be delinquent.

■ {¶ 13} Thus, a "[Juv.R.] 29(F)(2)(d) dismissal effectively stands as an acquittal of the charges. As a result, the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment and Article I, Section 10 of the Constitution of the State of Ohio prevents the State from initiating any further criminal proceedings against [the juvenile] based on the allegations stated in this complaint." *Arnett,* 2004-Ohio-5766, at ¶ 21.

■ {¶ 14} Even when there is a final verdict, however, an appellate court may review substantive rulings of law when it is presented with an underlying legal question that is capable of repetition yet evading review. *State v. Bistricky,* 51 Ohio St.3d 157, 555 N.E.2d 644, at syllabus. But if there is no "underlying legal question that is capable of repetition yet evading review," then the appellate court would be merely issuing advisory opinions and potentially impliedly commenting on the final verdict, which it cannot do. See, e.g., *State v. Brown* (Jan. 24, 2000), 5th Dist. No. 1999CA00188, 2000 WL 94084.

■ {¶ 15} Here, the state concedes that the principles of double jeopardy bar the retrial of N.I. because the juvenile court's dismissal in effect resulted in his acquittal. But the state maintains that the juvenile court's actions "raise a substantive legal issue, capable of repetition, and should be addressed by this court."

{¶ 16} The question before this court then is whether the state's appeal presents a substantive law issue that does not affect the verdict. Although we initially granted the state leave to appeal in this case, after further review, we find that there is no underlying substantive legal issue for us to review.

{¶ 17} "Substantive law" is defined as "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." Black's Law Dictionary (8th Ed.2004) 1470.

{¶ 18} In its brief, the state does not explicitly point us to a legal question it wants us to answer. Rather, it argues that the trial court abused its discretion in dismissing the complaint against N.I. for myriad reasons. But if we were to delve into these alleged abuse-of-discretion reasons, we would be required to engage in a factual analysis of this case—which we will not do. See *In re Tripplett* (Dec. 10, 1999), 11th Dist. No. 98–L–161, 1999 WL 1314666.

{¶ 19} Accordingly, because a final verdict rather than a substantive legal issue is challenged in this matter, we are without jurisdiction and must therefore dismiss this appeal.

Appeal dismissed.

BLACKMON, P.J., and JONES, J., concur.