[Cite as *In re M.M.*, 2011-Ohio-6758.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96776**

---

# IN RE: M.M.

# A Minor Child

---

## JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-09119512

**BEFORE:** S. Gallagher, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 29, 2011

**ATTORNEYS FOR APPELLANT, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert Tobik
Chief Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1} This is a discretionary appeal from a judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division for which leave was granted pursuant to R.C. 2945.67(A). Appellant, the state of Ohio, sought to appeal the trial court's exclusion of certain evidence pursuant to Evid.R. 807 and 803(4), which preceded a final decision

dismissing the juvenile complaint against M.M.[1]  For the following reasons, the state's appeal is dismissed due to leave being improvidently granted.

{¶ 2} The state alleged that M.M. sexually abused four children.  A juvenile complaint charged M.M. with rape for acts relating to three of the children, ages eight, six, and four at the time, and gross sexual imposition for acts relating to a two-year-old victim.   The alleged misconduct occurred sometime in 2009.

{¶ 3} Prior to the adjudicatory hearing to determine delinquency, which was held almost two years after the alleged misconduct occurred, M.M. filed a motion in limine to suppress the victims' out-of-court statements made to their relatives, potentially admissible pursuant to Evid.R. 807, and the victims' statements made to a social worker, potentially admissible pursuant to Evid.R. 803(4).  The trial court granted the motion in limine as to all statements made to the relatives and social worker.  The only remaining evidence for the prosecution came from the direct testimony of the child victims who were determined to be competent to testify, with the exception of the two-year-old victim.   Despite the pretrial evidentiary ruling, the state proceeded to the adjudicatory hearing and again attempted to introduce the Evid.R. 803(4) and 807 evidence.   The trial court adhered to the pretrial ruling and, at the close of the state's case in chief, dismissed the complaint pursuant to Juv.R. 29(F).

{¶ 4} The state then sought leave to file a discretionary appeal as to the

---

[1]   The parties are referred to herein by their initials or title in accordance with this court's established policy regarding nondisclosure of identities in juvenile cases.

evidentiary decisions pursuant to R.C. 2945.67(A), acknowledging that jeopardy attached to the dismissal of the juvenile complaint and the scope of review was limited to the evidentiary decisions made during the course of the proceedings below. We granted the state leave to file the appeal over M.M.'s objections. Upon further review of the entire record and arguments made during oral argument, we must reconsider our decision and conclude that leave to appeal was improvidently granted.

**{¶ 5}** "R.C. 2945.67(A) provides that the state may appeal as a matter of right a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, a motion for the return of seized property, or a motion granting postconviction relief. All other appeals are by leave at the discretion of the court of appeals except, of course, that the state may not appeal a final verdict." *State v. Empe*, Cuyahoga App. No. 90333, 2008-Ohio-3803, ¶ 2, citing *State v. Matthews* (1998), 81 Ohio St.3d 375, 377-378, 691 N.E.2d 1041. The trial court's Juv.R. 29 dismissal was a final verdict. *In re N.I.*,191 Ohio App.3d 97, 2010-Ohio-5791, 944 N.E.2d 1214, ¶ 9.

**{¶ 6}** This court has the discretionary authority pursuant to R.C. 2945.67(A) to review a trial court's substantive law rulings made in a criminal case that resulted in a judgment of acquittal as long as the verdict itself is not appealed. *Empe*, 2008-Ohio-3803, ¶ 4 (Blackmon, P.J., dissenting), citing *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644. The Ohio Supreme Court has "ruled that leave to appeal may be granted on evidentiary questions pursuant to R.C. 2945.67, even though not specifically spelled out therein, under the 'any other decision, except the final verdict

* * * ' language of that statute." *State v. Bireley* (1986), 31 Ohio App.3d 234, 510 N.E.2d 830, citing *State v. Keeton* (1985), 18 Ohio St.3d 379, 481 N.E.2d 629. The rationale behind allowing such appeals is that the substantive issues raised are capable of repetition yet evading review if the appellate court does not render a decision. *Bistricky*, 51 Ohio St.3d at 158. On October 12, 2010, M.M. filed a prehearing motion in limine to suppress the Evid.R. 803(4) and 807 evidence the state sought to introduce. On November 4, 2010, the trial court granted the motion in limine. The state did not appeal that decision prior to the adjudicatory hearing. This omission is dispositive.

{¶ 7} Pursuant to Crim.R. 12(J) and Juv.R. 22(F), the state must file a notice of appeal, challenging the trial court's decision to grant a motion to suppress evidence, within seven days of the entry of judgment or order granting the motion. A "motion to suppress" is defined to include "[a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *." *State v. Davidson* (1985), 17 Ohio St.3d 132, 477 N.E.2d 1141, at the syllabus. In *Davidson*, for example, the defendant filed a pretrial motion in limine seeking to exclude evidence on evidentiary grounds, not constitutional ones. The exclusion of the evidence, however, effectively destroyed the state's ability to effectively prosecute the case. The Ohio Supreme Court, therefore, determined that such motions in limine act as motions to suppress and thereby constitute final, appealable orders that the state may take an appeal as a matter of right.

Id.

{¶ 8} In this case, the trial court granted M.M.'s motion in limine to exclude victim statements made to the victims' relatives and social worker as violative of Evid.R. 803(4) and 807 prior to the adjudicatory hearing. The only remaining evidence was that of the three child victims, ages eight, six, and four at the time of the alleged sexual misconduct. The victim statements made to their relatives and social worker were the only evidence identifying the sexual acts that occurred. None of the victims could testify with any particularity about the alleged sexual abuse, and all were of such an age as to present a question whether the children would be able to effectively remember the events that transpired two years prior to the adjudicatory hearing. The trial court's decision to grant M.M.'s motion in limine rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution had been destroyed. The state, therefore, waived its right to appeal by failing to appeal the motion in limine decision prior to the adjudicatory hearing in accordance with Juv.R. 22(F).

{¶ 9} In light of the fact that the state had an appropriate remedy in challenging the trial court's evidentiary ruling at the time it was made and prior to jeopardy attaching, any decision as to the admissibility of the evidence in this case would be completely advisory in nature. *Empe*, 2008-Ohio-3803, ¶ 3. The state had the means to correct any perceived error before the adjudicatory hearing. *State v. Arnett* (1986), 22 Ohio St.3d 186, 489 N.E.2d 284 (Celebrezze, C.J., dissenting) (arguing the majority erred in allowing

discretionary appeals on evidentiary issues after the verdict because the state had an adequate interlocutory remedy). The only rationale behind invoking our discretion to rule on evidentiary issues after acquittal under *Bistricky*, 51 Ohio St.3d 157, is to address substantive issues that are capable of evading review. The state has an adequate interlocutory remedy at its disposal for this precise situation. Thus, this issue is not one that will escape future review. Accordingly, our decision to grant the state leave to appeal was improvidently granted, and the state's appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR