[Cite as *State v. Bennett*, 2015-Ohio-3246.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-140507 |
| | | C-140508 |
| Plaintiff-Appellee, | : | TRIAL NOS. 14CRB-5852A |
| | | 14CRB-5852B |
| vs. | : | |
| | | *O P I N I O N.* |
| LAWRENCE BENNETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-140507; Appeal Dismissed in C-140508

Date of Judgment Entry on Appeal: August 14, 2015

*Paula Boggs Muething*, City Solicitor, *Heidi Rosales*, City Prosecutor, and *Melanie J. Reising*, Senior Assistant City Prosecutor, for Plaintiff-Appellee,

*Caleb Brown, Jr.*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} The facts of this case are largely undisputed. A Cincinnati police officer was working undercover for the vice unit posing as a prostitute when defendant-appellant Lawrence Bennett approached her on McMicken Avenue, an area of the city with some notoriety for prostitution. Police recordings of the encounter between the officer and Bennett were played at trial. The videos indicated that Bennett pulled his car over to the sidewalk where the officer was standing and asked her if she was "working." Bennett then inquired as to her regularity, and indicated that he wanted someone who could be available upon request. When the officer asked what she would get in return, Bennett replied, "You're doing it for money ain't you?" The officer indicated that she was, and Bennett stated that he was not expecting any "freebies." The officer then asked Bennett what he was looking for, and asked what he was willing to pay should she be available. Bennett replied that he wanted to engage in ordinary sexual activities. Bennett asked the officer what she would charge to engage in those activities at her home. The officer suggested $40, to which Bennett agreed by stating, "We can do that." Bennett tentatively agreed to meet the officer later that evening, and then he drove away. Bennett was arrested and charged with soliciting and loitering to engage in solicitation ("loitering"), in violation of R.C. 2907.24(A) and 2907.241(A), respectively.

{¶2} Following a bench trial, Bennett was found guilty of both charges. On the solicitation charge, the trial court sentenced Bennett to community control, imposed 10 days' incarceration, suspended those days, and ordered Bennett to submit to sexually-transmitted-disease ("STD") testing. The court also ordered Bennett to pay court costs. On the loitering charge, the trial court ordered Bennett to pay $110 in court costs, and remitted those costs. Bennett now appeals.

## No Final Appealable Order

{¶3}   Bennett appeals from his loitering charge in the case numbered C-140508. Because there is no final appealable order in that case, we must dismiss the appeal.

{¶4}   Ohio Constitution Article IV, Section 3(B)(2) provides that courts of appeals "shall have such jurisdiction as may be provided by law" to review "judgments or final orders."   Under R.C. 2505.02, a criminal judgment is a final appealable order when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *see* R.C. 2505.02.  A "sentence" is "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense."  R.C. 2929.01(EE). According to R.C. 2929.01(DD), a "sanction" includes only those penalties imposed pursuant to R.C. 2929.14 to 2929.18 or 2929.24 to 2929.28.

{¶5}   Here, the trial court ordered Bennett to pay $110 in court costs on the loitering charge, and then remitted the costs.  Court costs are assessed under R.C. 2947.23, and therefore—by definition—do not constitute a "sanction" that can be imposed as a sentence. Further, the Ohio Supreme Court has held that the imposition of court costs is not a criminal punishment.  *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15.  "[A]lthough costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money."  *Id.*

{¶6}   Because the court's entry imposing costs, only, is not a "sentence" as that term has been defined by the legislature, the trial court's judgment is not a final

appealable order. We therefore are without jurisdiction over the appeal numbered C-140508, and it is hereby dismissed.

## Bennett's Solicitation Conviction

{¶7} In one assignment of error, Bennett asserts that his conviction for solicitation is against the weight and sufficiency of the evidence. It is not.

{¶8} We note that Bennett's appeal from his solicitation conviction is not moot because we cannot discern from the record whether he has submitted to STD testing. *See State v. Tsibouris*, 1st Dist. Hamilton Nos. C-120414 and C-120415, 2014-Ohio-2612, ¶ 16-18; *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, ¶ 2-4.

{¶9} Bennett was convicted of violating R.C. 2907.24(A)(1). That code section states that "[n]o person shall solicit another who is eighteen years of age or older to engage with such other person in sexual activity for hire." Three elements make up the offense: 1) the accused's solicitation of another; 2) to engage in sexual activity; 3) for hire. *State v. Swann*, 142 Ohio App.3d 88, 89, 753 N.E.2d 984 (1st Dist.2001). Solicitation requires the accused to have solicited, rather than agreed, to engage in sexual activity for hire. *Id.* at 90. "The crime is in the asking." *Id.*; *see State v. Howard*, 7 Ohio Misc.2d 45, 455 N.E.2d 29 (M.C.1983).

{¶10} Citing *Swann,* Bennett asserts that the state failed to prove the first element of R.C. 2907.24(A)(1) because the officer was first to name a price of $40 in return for performing sexual acts. Bennett argues that, under these circumstances, the officer was the one who did the "asking" and was therefore the solicitor and he, the solicited. We disagree.

{¶11} Bennett approached the officer and asked if she was "working," stated that he was looking for a "regular," indicated that he was interested in engaging in

4

sexual activities with the officer, asked the officer what she charged, and informed her that he was not expecting any "freebies." Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the first element of R.C. 2907.24(A)(1) was satisfied. *See State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), paragraph two of the syllabus; *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. The fact that the officer was the first one to state a dollar amount does not negate Bennett's role in the exchange.

{¶12} And upon a review of the record, we hold that the trial court did not lose its way in weighing the evidence presented. *See State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). We find no error in the trial court's decision to accord more weight to the state's version of events over Bennett's attempt to cast doubt on the state's case. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Bennett's sole assignment of error is overruled.

## Conclusion

{¶13} Bennett's appeal numbered C-140508 is dismissed. The trial court's judgment convicting Bennett of solicitation in the appeal numbered C-140507 is affirmed.

*Judgment accordingly.*

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:
    The court has recorded its own entry this date.