[Cite as *In re J.C.*, 2023-Ohio-3070.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: J.C. | : | APPEAL NO. C-220544 |
| | | TRIAL NO. 22-1680Z |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: September 1, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson,* Assistant Public Defender*,* for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant J.C. appeals her adjudication for resisting arrest. In two assignments of error, J.C. challenges whether there was sufficient evidence to support her adjudication and whether her adjudication was against the manifest weight of the evidence. Following our review of the record, we hold there was insufficient evidence to support J.C.'s adjudication. Accordingly, the judgment of the juvenile court is reversed, and J.C. is discharged.

### *Factual and Procedural Background*

{¶2} On May 21, 2022, Officer Kevin Woodruff received a call to investigate potential problems at a group home. Woodruff made two visits to the group home that day to investigate two separate issues. During his second visit, he spoke with the group home supervisor and the alleged victim. Based on these conversations, Woodruff determined he had probable cause to arrest J.C. for aggravated menacing. When Woodruff and another officer arrested J.C., she yelled, attempted to kick the officers, and threw herself onto the ground. Further, as the officers physically forced J.C. into a police cruiser, she continued to threaten the officers and use physical force against them.

{¶3} J.C. was charged with aggravated menacing and resisting arrest. The complaint alleged that J.C. threatened another juvenile, who was living at the same group home as J.C., with violence. But at trial, the state voluntarily dismissed the aggravated-menacing charge.

{¶4} The juvenile court then held a trial on the resisting-arrest charge. Woodruff was the sole witness. He testified that his conversations with the group home supervisor and the alleged victim were the basis for his determination that he had probable cause to arrest

J.C.  But he did not testify as to the details of these conversations or as to any other basis for why he arrested J.C.  J.C. did not cross-examine Woodruff and did not call any witnesses.

{¶5} J.C. moved for an acquittal under Crim.R. 29, arguing there was insufficient evidence that there was probable cause for a lawful arrest.  The magistrate denied the motion and adjudicated J.C. delinquent for resisting arrest.  J.C. filed objections, which the juvenile court overruled.  The juvenile court adopted the magistrate's findings.  At the hearing on the disposition, the juvenile court held that it no longer had the legal authority to hold J.C. in detention given that she had reached the age of majority.  The juvenile court imposed court costs as a disposition against J.C., which it remitted due to her indigency.

{¶6} J.C. now appeals.

### Sufficiency of the Evidence

{¶7} "The standard of review when determining whether a juvenile court's adjudication of delinquency is supported by sufficient evidence is identical to the standard used in adult criminal cases." *In re R.B.*, 2021-Ohio-3749, 179 N.E.3d 749, ¶ 15 (1st Dist.). "The court on review asks whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal quotation marks omitted.) *Id.*

{¶8} R.C. 2921.33(A) provides, "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." "A lawful arrest is an element of resisting arrest and the prosecution must prove beyond a reasonable doubt that the arrest was lawful." (Internal quotation marks omitted.) *State v. Pitts*, 1st Dist. Hamilton No. C-220080, 2022-Ohio-4172, ¶ 13.  Warrantless arrests made without probable cause are unlawful. *State v. Hughes*, 1st Dist. Hamilton No. C-070755, 2008-Ohio-3966, ¶ 22. As this court has held, where the record demonstrates that officers had only an articulable suspicion

that the defendant was engaged in criminal activity, rather than probable cause, there exists insufficient evidence to support a charge of resisting arrest. *State v. Raines*, 124 Ohio App.3d 430, 432, 706 N.E.2d 414 (1st Dist.1997).

{¶9}   Under these principles, the prosecution was therefore required to prove that Woodruff had probable cause to arrest J.C. for aggravated menacing.

{¶10} "[P]robable cause exists when the facts and circumstances are sufficient to provide a reasonable belief that the accused has committed a crime." *State v. Martin*, 170 Ohio St.3d 181, 2022-Ohio-4175, 209 N.E.3d 688, ¶ 17.  But "probable cause requires more than bare suspicion." (Internal quotation marks omitted.) *Id.* at ¶ 18. "The circumstances must demonstrate a fair probability that a crime has been committed." (Internal quotation marks omitted.) *Id.* Circumstantial evidence may be sufficient to establish probable cause. *State v. Reed*, 1st Dist. Hamilton No. C-200104, 2022-Ohio-3986, ¶ 25.

{¶11} The evidence of probable cause to arrest in this case was extremely slim. Woodruff was clear that he was arresting J.C. for aggravating menacing under R.C. 2903.21(A).  That statute prohibits knowingly causing "another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." Thus, to demonstrate that Woodruff had probable cause to believe J.C. committed aggravated menacing, and therefore to arrest her for that offense, the state had the burden of presenting evidence creating a reasonable belief that J.C. knowingly caused the alleged victim to believe J.C. would cause serious physical harm to her.

{¶12}   To that end, the state presented nothing but Woodruff's extremely sparse testimony.  Woodruff stated that he spoke with the group home supervisor and the alleged aggravated menacing victim, but he gave no details as to what these witnesses said.  Not only

did Woodruff fail to provide these details, he also did not testify as to any circumstantial evidence to his belief that J.C. had engaged in aggravated menacing. In fact, the only testimony he gave as to his decision to arrest was simply that he talked to two people. Absent more detail, there was no evidence in the record to justify Woodruff's estimation that probable cause existed to arrest J.C. for aggravated menacing. And because the state is required to prove a lawful arrest as an element of resisting arrest, the absence of testimony from Woodruff as to the basis for arresting J.C. is fatal to the state's case.

{¶13} In its brief, the state attempted to address this gap by relying on the complaint and arrest report to supplement Woodruff's bare-bones testimony. But the state conceded at oral argument that these documents were not introduced at trial and therefore are irrelevant to the question of whether the state presented sufficient evidence of a lawful arrest. *See State v. Rodano*, 8th Dist. Cuyahoga No. 104176, 2017-Ohio-1034, ¶ 26; *see also State v. Palmer*, 1st Dist. Hamilton No. C-050750, 2006-Ohio-5456, ¶ 15-16.

{¶14} Because probable cause requires more than bare suspicion, Woodruff's testimony alone is insufficient to establish there was probable cause to arrest J.C. for aggravated menacing. *See Martin*, 170 Ohio St.3d 181, 2022-Ohio-4175, 209 N.E.3d 688, at ¶ 18. Accordingly, given the absence of any proof as to the essential element of a lawful arrest, J.C.'s adjudication for resisting arrest cannot stand. Her first assignment of error is therefore sustained.

{¶15} J.C.'s second assignment of error, alleging that her adjudication was against the manifest weight of the evidence, is made moot by our disposition of her first assignment of error.

Judgment reversed and appellant discharged.

**CROUSE, P.J.,** concurs. **WINKLER, J.,** dissents.

**WINKLER, J.,** dissenting,

{¶1}    Because the juvenile court dismissed the state's delinquency case against J.C. prior to holding a dispositional hearing, and the juvenile court did not impose a disposition on J.C.'s adjudication, this court lacks jurisdiction over J.C.'s appeal.  Therefore, I dissent from the majority's opinion reversing J.C.'s adjudication.

{¶2}    The state filed two complaints against J.C. alleging that J.C. was a delinquent child for committing acts that, if committed by an adult, would constitute the offenses of aggravated menacing and resisting arrest.  On the day of trial, the state dismissed the aggravated-menacing complaint, but proceeded with its complaint for resisting arrest by introducing testimony from the arresting officer.  The magistrate adjudicated J.C. delinquent of resisting arrest and continued the case for disposition.  Prior to any dispositional hearing, J.C. filed objections to the magistrate's adjudication decision.  While J.C.'s objections remained pending, the magistrate entered an order terminating J.C.'s case.  At the hearing on the objections, J.C.'s attorney admitted to the juvenile court judge that the magistrate had "actually closed the case out."  The juvenile court entered an order adopting the magistrate's decision terminating J.C.'s case and remitted court costs.  J.C. now appeals to this court.

{¶3}    Ohio Constitution, Article IV, Section 3(B)(2), provides that courts of appeals "shall have such jurisdiction as may be provided by law" to review "judgments or final orders." It is axiomatic that a delinquency adjudication without a disposition is not a final appealable order.  *In re Sekulich*, 65 Ohio St.2d 13, 14, 417 N.E.2d 1014 (1981); *see* R.C. 2505.02.

{¶4}    In this case, J.C. filed objections to the magistrate's decision regarding her delinquency adjudication prior to any dispositional hearing.  J.C. turned 18 shortly after her adjudication, and even though the juvenile court maintained jurisdiction over J.C.'s delinquency case under R.C. 2152.02(C)(6), the magistrate nevertheless chose to enter an

6

order terminating J.C.'s case prior to disposition. When a juvenile court dismisses a delinquency complaint after adjudication without imposing a disposition such dismissal is the functional equivalent of "an acquittal of the charges." *In re D.R.*, 8th Dist. Cuyahoga Nos. 100034 and 100035, 2014-Ohio-832, ¶ 13, citing *In re N.I.*, 191 Ohio App.3d 97, 2010-Ohio-5791, 944 N.E.2d 1214 (8th Dist); *see* Juv.R. 29(F)(2)(d) (permitting the juvenile court to dismiss a complaint after adjudication but prior to disposition if it "is in the best interest of the child and the community.").

{¶5} The fact that the juvenile court remitted court costs in J.C.'s case does not equate to a "disposition" on J.C.'s adjudication. *See State v. Bennett*, 1st Dist. Hamilton Nos. C-140507 and C-140508, 2015-Ohio-3246, ¶ 5-6 (in a criminal case, the trial court's judgment entry remitting court costs without any further punishment does not constitute a "sentence" and therefore no final appealable order exists).

{¶6} Because J.C. never received a disposition after her delinquency adjudication, I would hold that this court lacks jurisdiction over J.C.'s appeal, and it should be dismissed. Nevertheless, even if this court had jurisdiction over J.C.'s appeal, as the majority necessarily determines, I would determine that J.C.'s adjudication for resisting arrest was supported by sufficient evidence. J.C. argues that the police officer did not have probable cause to arrest her for aggravated menacing, but the police officer testified that he responded to a call for an issue at the group home where J.C. lived, and that he spoke to both the supervisor of the group home and the alleged victim, another female juvenile, before placing J.C. under arrest. Therefore, the police officer did not act on bare suspicion in arresting J.C.

{¶7} I respectfully dissent.

Please note:

The court has recorded its entry on the date of the release of this opinion.