JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Anthony Perry (Perry) appeals, pro se, his eight misdemeanor convictions herein. Finding no merit to this appeal, we affirm his convictions; however, we remand for clarification of the trial court's sentencing journal entry of April 6, 2007, pursuant to this opinion. Statement of the Case
 {¶ 2} On March 8, 2006, a Cuyahoga County Grand Jury filed a multicount indictment against Perry consisting of twenty-three counts of tampering with records, in violation of R.C. 2913.42, felonies of the third degree, and forty-six counts of forgery, in violation of R.C.2913.31, felonies of the fifth degree.
 {¶ 3} Perry was arraigned on March 22, 2006, and was appointed counsel by the court. He entered a plea of not guilty to the same charges. On the same date, Perry filed a pro se motion to dismiss the indictment. *Page 3 
 {¶ 4} On February 13, 2007, Perry filed a second pro se motion to dismiss. Perry argued that "live fire," as utilized in R.C. 2923.125(G), lacks a statutory definition and, as such, the indictment against him should be dismissed as void for vagueness. The trial court denied the motions after conducting a hearing on the matter.
 {¶ 5} On April 4, 2007, the case proceeded to a jury trial. Thereafter, the trial court granted Perry's Crim.R. 29 motion for acquittal regarding counts 24, 28, 30, 32, 34, 36, 38, 40 and 48. The trial court reduced all the original felony charges in the indictment to tampering with records, misdemeanors of the first degree. On April 6, 2007, the jury returned guilty verdicts on counts 11, 13, 15, 19, 43, 47, 51 and 59 for tampering with records, misdemeanors of the first degree. The State dismissed the remaining counts prior to the close of trial.
 {¶ 6} The same day, the trial court sentenced Perry to six months of imprisonment for each count of tampering with records, to be served concurrently. The court's journal entry mistakenly refers to several forgery charges. The jury, however, found Perry guilty of only tampering with records. The trial court suspended Perry's sentence and imposed twelve months of probation.
 Statement of Facts {¶ 7} This case arises out of an investigation of Akoben Academy, a school run by Perry, a former Cleveland police officer. The Cuyahoga County Sheriff's Office (sheriff) was investigating what it determined to be deficiencies in Perry's *Page 4 
instruction as a firearms safety instructor and his issuance of competency certificates required for obtaining a license to carry a concealed handgun.
 {¶ 8} The carry concealed weapon division of the sheriff's department contacted Detective Rick Williamson (Williamson) regarding an investigation of Ramone Salters (Salters), after he answered falsely regarding his existing criminal record on his application for a license to carry a concealed handgun. Salters also indicated on his application for a license to carry a concealed handgun that he had taken instruction at the Akoben Academy and had been Perry's student. If in fact Salters had done so, he would have handled and fired a gun as a felon, which is precluded by Ohio law.
 {¶ 9} Williamson contacted Perry for further investigation and learned that the students in his classes used an air-soft BB gun or pellet gun and not an actual handgun, and that they fired the pellet gun into cardboard boxes in Perry's storefront academy and not at a firing range. Perry told Williamson he thought that range time was optional and that the firing in the store met the range requirement.
 {¶ 10} Thereafter, Williamson contacted the Ohio Attorney General's Office to verify the requirements for obtaining a license to carry a concealed handgun, which included but is not limited to: residence in the State of Ohio for at least forty-five days, being an adult-21 years of age or above, passing a criminal background check, and completion of a firearms safety course consisting of ten hours of general instruction and two hours of range time and live fire exercise. R.C. 2923.125. *Page 5 
 {¶ 11} Williamson testified that Perry contacted him after their initial meeting and came to his office at the Justice Center. At this meeting, Perry offered to re-teach his students at no cost, making sure that the students had two hours of range time and live fire instruction, since he had already told the detective that he thought range time was optional and the use of an air-soft BB gun or pellet gun was sufficient.
 {¶ 12} The sheriff's department wrote to all applicants who listed Perry as a firearms safety instructor and notified each of them that their license to carry a concealed handgun was being revoked for possible deficiencies, unless the applicant followed an appeal process described therein and met with Williamson. Williamson's review of these applications revealed that over ninety percent of Perry's students did not attend the ten hours of mandatory general instruction, and none of the applicants he interviewed attended a two-hour range time or live fire instruction. Trial testimony revealed that bullets and shooting range time are an expensive component of the training process.
 {¶ 13} Mark Gribben (Gribben), Director of Constituent Services for the Ohio Attorney General's Office, testified that at no time did he tell Perry that the two-hour range time and live fire instruction was an optional requirement for licensure, nor did he tell him that it was okay to use an air pistol with a spring mechanism rather than a firearm for training purposes. Gribben testified that firearms safety instructors have *Page 6 
the option of denying students competency certification for failure to demonstrate competency with a firearm.
 {¶ 14} Abdelkader Daies, Suluman Najar, Shaher Khanfar, Marwan Saleh, and Abdul Jaber, all Akoben Academy students, testified that Perry gave them the pamphlet published by the Ohio Attorney General's Office as mandated by R.C. 2923.125, but they were never required to attend the twelve hours of training prior to receiving competency certification.
 {¶ 15} Moorad Rabah and Thomas Cuevas testified that they never handled a firearm in Perry's class, and did not have any range time with Perry prior to receiving their competency certification.
 {¶ 16} Franklin Moss testified that, as an Akoben Academy student under Perry's instruction, Perry told him that firing a firearm was optional and that he shot an air pistol instead of a firearm.
 {¶ 17} Betty Robertson testified that she handled a real firearm in classroom training with Perry but only fired a pellet gun at a target.
 {¶ 18} Nonetheless, Perry issued competency certification to all nine aforementioned students, indicating falsely on the certificates of training that the students attended ten hours of general training and two hours of range time and live fire instruction. *Page 7 
 {¶ 19} Perry appealed and asserted five assignments of error for our review. In the interest of judicial economy, Perry's first and third assignments of error will be addressed together.
 ASSIGNMENT OF ERROR NUMBER ONE
 "THE TRIAL COURT ERRED BY ITS PROCESS AND PROCEDURE IN VIOLATION OF THE CONSTITUTIONAL RIGHTS OF THE DEFENDANT/APPELLANT."
 ASSIGNMENT OF ERROR NUMBER THREE
 "THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT/APPELLANT ON A VAGUE AND SLOPPILY WORDED STATUTE OF THE STATE OF OHIO."
 {¶ 20} Perry argues that the trial court erred when it denied his motions to dismiss.
 "An appellate court's review of a trial court's denial of a motion to dismiss is de novo. " Whitehall v. Khoury, 10th Dist. No. 07AP-711, 2008-Ohio-1376.
 {¶ 21} Crim.R. 12(C) allows any party in a pretrial motion to raise "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue," including those based on defects in the indictment.
 {¶ 22} Furthermore, challenges to constitutionality are subject to de novo review:
 "Whether a statute is constitutional is a question of law reviewed de novo. De novo review is independent and without deference to the trial court's determination. `All statutes are presumed constitutional, and the party challenging has the burden of proving *Page 8 otherwise' beyond a reasonable doubt. * * * All presumptions and applicable rules of statutory construction are applied to uphold a statute from constitutional attack.
 "[I]t is not the function of the reviewing court to assess the wisdom or policy of a statute but, rather, to determine whether the General Assembly acted within its legislative power." Lima v. State, 3rd Dist. No. 1-07-21, 2007-Ohio-6419. (Internal citations omitted.)
 {¶ 23} "In analyzing a statute under a void-for-vagueness challenge, a court shall adhere to the general rules of statutory construction, construing the words according to the rules of grammar and common usage." Pepper Pike v. Dantzig, Cuyahoga App. No. 85287, 2005-Ohio-3486.
 {¶ 24} In the case sub judice, the parties stipulated that the Revised Code does not set forth a definition of live fire, as used in R.C.2923.125(G). However, Perry argues that without a statutory definition the indictment against him must be dismissed as void for vagueness. Conversely, the State argues that live fire is not a term that the legislature needed to define because its meaning is plain in the context of firearm usage.
 {¶ 25} We agree with the State and find that, without a statutory definition, we must construe live fire according to the rules of common usage. See Dantzig. Common usage of live fire includes the use of live ammunition and loaded weapons.
 {¶ 26} The indictment against Perry does not pertain directly to issues regarding live fire because the Cuyahoga County Grand Jury indicted him with forgery and tampering with records. Thus, the definition of live fire is an issue only in *Page 9 
circumstances in which Perry provided students with competency certification for payment only, without the requisite two-hour range time and live fire instruction. In doing so, Perry indicated falsely on his students' competency certifications that the students attended ten hours of general training and two hours of range time and live fire instruction.
 {¶ 27} A review of the transcript reveals that the trial court permitted the parties to argue their respective positions regarding the definition of live fire. A review of the trial court's jury instructions also reveals that live fire is not included, permitting the jury to apply rules of common usage in instances in which live fire training is an issue. Moreover, Perry did not object to the jury instructions given, and error, if any, regarding the instruction of law herein is waived. Appellate courts need not consider an error that a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 28} Perry's first and third assignments of error are overruled.
 ASSIGNMENT OF ERROR TWO
 "THE TRIAL COURT ERRED BY APPLYING ARBITRARY AND DISCRIMINATORY ENFORCEMENT TO THE CRIMINAL STATUES ALLEGEDLY APPLICABLE TO THE DEFENDANT/APPELLANT."
 ASSIGNMENT OF ERROR NUMBER FOUR
 "THE TRIAL COURT ERRED AND ENCROACHED UPON THE FIRST AMENDMENT FREEDOM OF THE DEFENDANT-APPELLANT." *Page 10 
 {¶ 29} Perry argues that the trial court erred and applied arbitrary and discriminatory enforcement of criminal statutes against him. Perry also argues that the trial court erred and violated his First Amendment freedom of speech.
 {¶ 30} However, Perry fails to cite to any authority in support of his contention. App.R. 16(A)(7) requires citations to authorities, statutes, and parts of the record upon which an appellant relies.
 {¶ 31} Thus, Perry's second and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE
 "THE TRIAL COURT ERRED IN PROCEEDING THE TRIAL WITHOUT RULING ON THE DEFENDANT/APPELLANT'S MOTIONS FILED PRO SE ON HIS OWN BEHALF."
 {¶ 32} Perry argues that the trial court erred in proceeding to trial without first ruling on his two pro se motions to dismiss.
 {¶ 33} However, the record reflects that counsel for Perry adopted the two motions to dismiss and orally argued the motions at length prior to trial. (Tr. 4-7.) The trial court denied the motions and proceeded to trial.
 {¶ 34} Counsel for Perry also moved the trial court to reconsider its denial of Perry's motions to dismiss based on the evidence and testimony presented during trial. (Tr. 475.) Although denied, the trial court, on its own motion, reduced the felony charges to misdemeanors on other grounds. *Page 11 
 {¶ 35} The other motions to which Perry refers as not being ruled upon were either ruled on specifically by the trial court or were rendered moot. Even if there were outstanding motions, which the court does not find to be the case herein, if the trial court had not ruled on such motions before trial, the motions are deemed to be presumptively overruled. See State ex rel. The V Cos. v. Marshall Cty. Auditor (1998),81 Ohio St.3d 467.
 {¶ 36} Perry's fifth assignment of error is overruled.
 {¶ 37} Judgment affirmed. The appellant's request to vacate or reverse his convictions herein is denied.
 {¶ 38} This case is remanded to the trial court solely for the correction of the sentencing journal entry of April 6, 2007. Journal entries must conform to the record at the sentencing hearing and must be corrected to reflect the charges submitted to the jury and for which Perry was convicted.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR *Page 1