[Cite as *J.V. v. J.B.*, 2015-Ohio-310.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101232

**J.V.**

PLAINTIFF-APPELLANT

vs.

**J.B., ET AL.**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 10718412

**BEFORE:** Stewart, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**ATTORNEY FOR APPELLANT**

Joseph J. Straka
Morscher & Straka, L.L.C.
11711 Lorain Avenue, Suite 56
Cleveland, OH 44111


**ATTORNEYS FOR APPELLEE**

Jonathan Rich
Robert M. Fertel
Christa Grywalsky Heckman
Zachin & Rich Co. L.P.A.
Ernst and Young Tower
950 Main Avenue, 4th Floor
Cleveland, OH 44113

**For C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Yvonne C. Billingsley
Assistant County Prosecutor
C.C.D.C.F.S.
3955 Euclid Avenue, Room 305E
Cleveland, OH 44115

**For C.J.S.-O.C.S.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph C. Young
Assistant County Prosecutor
P.O. Box 93894
Cleveland, OH 44101




MELODY J. STEWART, J.:

{¶1} Appellant J.V. was born to mother E.V. ("mother") and appellee-father J.B. ("father"), who were not married to each other. In 2009, and after J.V. reached the age of majority, the mother sought child support from the father by filing a complaint for child support in the juvenile court. The court dismissed the complaint for want of subject matter jurisdiction, finding that it could not award the mother child support after J.V. reached the age of majority. On appeal, we affirmed the dismissal by a split decision. *See In re J.V.*, 189 Ohio App.3d 287, 2010-Ohio-4017, 938 N.E.2d 81 (8th Dist.). J.V. then filed his own complaint in the juvenile court for past care expenses and past child support. Following a trial, the court dismissed the complaint, finding that J.V. was not the real party in interest because he was seeking reimbursement for support he received from the mother and not monies due directly to him. The court further found that J.V. was not seeking payment for necessities that he lacked as a child nor did the money he requested represent any funds that he spent on his own behalf. These conclusions are the basis for the two assignments of error presented in this appeal.

{¶2} J.V.'s first assignment of error is that the court erred by finding that he was not the real party in interest in the child support action. He maintains that an emancipated child is considered by law to be a real party in interest and may bring an action against a parent for past child support.

{¶3} Civ.R. 17(A) states that "[e]very action shall be prosecuted in the name of the real party in interest." In *Shealy v. Campbell*, 20 Ohio St.3d 23, 24, 485 N.E.2d 701 (1985), the Supreme Court defined a "real party in interest" as "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case."

**{¶4}** The court found that although J.V. had standing to bring the action for past child support, he was not a real party in interest because he "is seeking reimbursement for support he received from his mother and not monies due directly to him." The basis for the court's decision is well-founded. In *Seegert v. Zietlow*, 95 Ohio App.3d 451, 642 N.E.2d 697 (8th Dist.1994), we held "that past child support is an asset owned by the custodial parent." *Id*. at 463. *See also M.A.H. v. S.F.*, 8th Dist. Cuyahoga No. 81544, 2003-Ohio-4049, ¶ 17; *Critser v. Zook*, 7th Dist. Jefferson No. 98 JE 17, 2000 Ohio App. LEXIS 1214 (Mar. 21, 2000); *Sutherell v. Sutherell*, 11th Dist. Lake No. 97-L-296, 1999 Ohio App. LEXIS 2631 (June 11, 1999). It was the mother, not J.V., who was the real party in interest to the claim for child support.

**{¶5}** J.V. argues that any conclusion that he was not the real party in interest to seek past child support is contrary to this court's decision in *In re J.V.* where we stated that "it is the child and not the mother who has any potential claim" for child support. *J.V., supra*, at ¶ 14. Nothing in the quoted portion of *In re J.V.* should be read to indicate a conclusion that J.V. was the real party in interest in a claim for past child support. We couched the statement in terms that J.V. might have a "potential" claim for past child support. The word "potential" suggested only the possibility that J.V. might have a claim; it was not a definitive pronouncement that J.V. was the real party in interest to an action for past child support.

**{¶6}** We conclude that the court did not err by finding that J.V. was not the real party in interest. Child support was an "asset" that belonged only to J.V.'s mother — the custodial parent. *Seegert, supra*. J.V. may have had standing to bring the action, but he is not the real party in interest in this case.

**{¶7}** In addition to finding that J.V. was not the real party in interest to a claim for past child support, the court found that J.V. was seeking "reimbursement for support he received from

his Mother and monies due directly to him." Having concluded that the mother's claim had been rejected on its merits, the court found that any award to J.V. would unjustly enrich him and be inequitable because the mother elected not to pursue child support from the father during J.V.'s minority. In his second assignment of error, J.V. argues that the trial court's decision ignores equitable principles that refuse to apply an obligee parent's inaction on child support to a child.

{¶8} As a general rule, "in the absence of evidence to the contrary, the court will presume that [a] child was clothed, fed and generally accorded the necessities of life, the payment for which the weekly support money was intended." *Smith v. Smith*, 168 Ohio St. 447, 457, 156 N.E.2d 113 (1959). It is for this reason that claims made by an adult child for past child support typically fail — if support is an "asset" of the custodial parent, a child has no direct claim for that support when the child has suffered no adverse consequences from non-payment of support.

{¶9} We have acknowledged that the presumption that a child's necessities have been provided can be overcome by proof to the contrary. For example, in *M.A.H.*, 8th Dist. Cuyahoga No. 81544, 2003-Ohio-4049, we found that the presumption had been rebutted on evidence that a mother and child who had not received child support were homeless or living in substandard housing at various times in the child's life. *Id*. at ¶ 18. We therefore found that the presumption that the mother had provided for the child's necessities had been rebutted and that the court did not err by awarding unpaid child support directly to the child. *Id*. at ¶ 19.

{¶10} Consistent with precedent, the trial court applied the legal presumption that the mother provided J.V.'s necessities such that his claim for past support was one that sought more than what was necessary to support him as a child. That legal presumption is fact in this case: the court found that "no one questions that [J.V.'s] basic needs were always met when he was a

minor child." *See* Judgment Entry at 1. The import of the court's finding that J.V.'s necessities were provided by the mother is that J.V. is seeking more than what was strictly necessary for his support — a fact that would show that it would be inequitable to award him past child support under the circumstances because that support belonged to the mother. In reaching this conclusion, we reject J.V.'s reliance on *M.A.H.* because nothing in the factual record of this case suggests that the court erred by finding that J.V.'s necessities were provided to him. That being so, he has no equitable claim for past child support.

{¶11} Precedent that J.V. cites in support of his appeal is not on point. For example, in *Park v. Ambrose*, 85 Ohio App.3d 179, 619 N.E.2d 469 (4th Dist.1993), the court of appeals refused to apply the equitable doctrine of laches against an adult child seeking past child support whose mother had waived the right to child support. *Id.* at 185. As applicable to this appeal, *Park* only considered the equitable argument of whether that waiver should be imputed to the child — it did not consider whether past child support should be awarded because the presumption that the child's necessities had been provided had been overcome. And *Rees v. Heimberger*, 60 Ohio App.3d 45, 573 N.E.2d 189 (8th Dist.1989), dealt with a paternity action brought by a child after his mother had previously dismissed her own paternity action with prejudice. Our holding in *Rees*, that principles of res judicata did not bar the child's paternity action, has nothing to do with this appeal because *Rees* did not address the merits of the child's claim for past child support. The remaining authority cited by J.V. is likewise not on point.

{¶12} We conclude that the court did not err by finding that it would be inequitable to award J.V. past child support when he failed to show that he had not received all support necessities presumed by law. We therefore overrule both assignments of error. Having

affirmed the judgment below, we need not consider the father's assignments of error filed in support of sustaining the court's judgment. *See* App.R. 3(C)(2).

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas — Juvenile Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR