[Cite as *In re D.D.*, 2017-Ohio-9021.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105582

---

# IN RE: D.D.
# A MINOR CHILD

[Appeal by the State of Ohio]

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 16107471

**BEFORE:** McCormack, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 14, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

Frank Romeo Zeleznikar
Assistant County Prosecutor
1200 Ontario, 8th Floor
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Mark A. Stanton
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Ave., Ste. 200
Cleveland, OH 44113

TIM McCORMACK, P.J.:

**{¶1}** The state of Ohio appeals the juvenile court's sua sponte dismissal of its complaint against appellee D.D. For the following reasons, we reverse the juvenile court's dismissal and remand for lack of a final verdict.

**Procedural and Substantive History**

**{¶2}** Beyond the allegations listed in the complaint, the record in this case prior to dismissal includes no mention of the underlying substantive facts. After the juvenile court dismissed the complaint with prejudice, the court questioned D.D. on the record about the incident. The following facts are a summary of D.D.'s recollection.

**{¶3}** On November 4, 2015, D.D. had an altercation with another girl who had been bullying her. The two girls physically fought near their school, and D.D.'s nose was fractured in the fight. Immediately after this initial incident, D.D. followed the girl to a nearby location, where she resumed fighting with the girl and threw a chair at her. D.D. was asked to leave and initially refused to do so.

**{¶4}** On August 16, 2016, a complaint based on the November 4, 2015 events was filed in the Cuyahoga County Court of Common Pleas, Juvenile Division, alleging D.D. to be a delinquent child. The complaint alleged the following counts: (1) felonious assault, a felony of the second degree; (2) criminal activity on school property, a misdemeanor of the first degree; (3) inducing panic, a misdemeanor of the first degree; and (4) criminal trespass, a misdemeanor of the fourth degree.

**{¶5}** Each count of the complaint listed the name and numerical designation of the alleged offense, the date of the alleged offense, the street address of the alleged offense, and the name and address of D.D.'s mother. Additionally, each count was sworn to under oath.

**{¶6}** An arraignment was held on September 19, 2016. A reading of the complaint was waived, and D.D. denied the allegations of the complaint by a plea entered through her counsel.

**{¶7}** After holding pretrial hearings on October 31 and December 12, 2016, an adjudicatory hearing was held on February 27, 2017. At this hearing, the prosecutor made an oral motion to amend the complaint to reflect a plea agreement reached between D.D. and the state. Pursuant to this agreement, D.D. would enter an admission to Count 1, amended to aggravated assault, and Count 4. In exchange for those admissions, the state would nolle Counts 2 and 3. The court granted this motion to amend the complaint.

**{¶8}** After ensuring that D.D. understood the rights she was waiving by entering these admissions, the court accepted the admissions in accordance with Juv.R. 29(D).

**{¶9}** The court then noted a defect in the complaint, and the prosecutor made an oral motion to amend the complaint to include "Cleveland, Ohio, 44111" to be the location of the offenses. The court denied this motion, stated that it lacked jurisdiction, and dismissed the case with prejudice.

**{¶10}** The court's journal entry stated, in relevant part:

Upon due consideration, the court finds that the allegations of the complaint have not been proven beyond a reasonable doubt for lack of jurisdiction.

It is ordered that the complaint is dismissed pursuant to Juvenile Rule 29(F)(1). Probable cause found for the filing of the complaint.

{¶11} On March 20, 2017, the state filed a timely appeal of right pursuant to R.C. 2945.67(A).

**Law and Analysis**

{¶12} In its sole assignment of error, the state contends that the juvenile court erred when it determined that it lacked jurisdiction and dismissed the complaint with prejudice. We agree.

{¶13} Neither party disputes that the juvenile court had jurisdiction over this case. D.D., however, argues that because Ohio law specifically provides that no appeal of right can be taken from a final verdict, we should dismiss this appeal.

{¶14} Therefore, before we turn to an analysis of the juvenile court's dismissal for lack of jurisdiction, we must first address the state's ability to appeal the dismissal as a matter of right.

{¶15} R.C. 2945.67(A) sets forth the circumstances under which the state may appeal a criminal or juvenile matter, stating in relevant part:

A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final

verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

**{¶16}** The Ohio Supreme Court has held that when a juvenile court dismisses a complaint, or part of a complaint, on its own motion, such a dismissal "is the equivalent of a 'decision granting a motion to dismiss' under R.C. § 2945.67(A)." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 13. In this case, such an order is final because it affected a substantial right and prevented a judgment on the charges against D.D. R.C. 2505.02(B).

**{¶17}** D.D. argues that when a juvenile court accepts an admission from a juvenile and then dismisses the complaint, as it did in this case, the dismissal is a "final verdict" from which no appeal may be taken. In support of this proposition, D.D. cites two cases in which this court dismissed appeals where the state attempted to appeal from a juvenile court's dismissal pursuant to Juv.R. 29(F)(2)(d), finding dismissal to be in the best interest of the child and the community. *In re N.I.*, 191 Ohio App.3d 97, 2010-Ohio-5791, 944 N.E.2d 1214, ¶ 1 (8th Dist.); *In re D.R.*, 8th Dist. Cuyahoga Nos. 100034 and 100035, 2014-Ohio-832, ¶ 15.

**{¶18}** In both of those cases, this court's dismissal of the appeals was premised on double jeopardy concerns. *In re N.I.* involved a juvenile court's dismissal after having a hearing to the trier of fact, while *In re D.R.* involved a juvenile court's dismissal following the juvenile's admissions where dismissal was in the best interests of the child. It was clear in both cases that the state did not have a right to appeal the final verdict in a

matter in which the verdict acted as an acquittal and jeopardy had attached. *In re N.I.* at ¶ 13; *In re D.R.* at ¶ 15.

{¶19} Unlike either of those cases, jeopardy did not attach here. When "a proceeding is terminated for a reason other than a finding that the state's case is factually insufficient based on the evidence presented or a determination that the defendant is innocent, double jeopardy is inapplicable." *State v. Smith*, 8th Dist. Cuyahoga No. 70855, 1997 Ohio App. LEXIS 3760, 14 (Aug. 21, 1997), citing *State v. Calhoun*, 18 Ohio St.3d 373, 481 N.E.2d 624 (1985).

{¶20} The juvenile court's dismissal in this case was not based on any factual insufficiency of the evidence. No evidence was presented. The court's only inquiry into the facts of this case took place when it asked D.D. what happened during the incident *after* it dismissed the complaint with prejudice. Because this inquiry occurred after the dismissal, it was merely an afterthought that had no bearing on the court's decision to dismiss the complaint. The extent of the court's consideration of the sufficiency of the evidence before dismissing the complaint was its acceptance of D.D.'s admissions.

{¶21} Nor was the dismissal based on a factual conclusion that would implicate double jeopardy. Instead, the dismissal was based on an erroneous legal conclusion, namely, that the juvenile court lacked jurisdiction because the complaint failed to note the city in which the offenses took place. Based on this error, the juvenile court dismissed the complaint pursuant to Juv.R. 29(F)(1).

**{¶22}** The juvenile court's sua sponte dismissal in this case was in violation of Juv.R. 29(F). The rule states, in relevant part:

Upon determination of the issues, the court shall do one of the following:

(1)     If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;

(2)     If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:

(a)     Enter an adjudication and proceed forthwith to disposition;

(b)     Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;

(c)     Postpone entry of adjudication for not more than six months;

(d)     Dismiss the complaint if dismissal is in the best interest of the child

and the community.

**{¶23}** Had the juvenile court in this case dismissed the complaint pursuant to Juv.R. 29(F)(2)(d), this court would be required to dismiss the state's appeal. Juvenile courts are given broad discretion to dismiss a case, even after accepting admissions, when the dismissal is in the best interests of the child. We do not dispute this, but because the trial court's dismissal here was purportedly entered pursuant to Juv.R. 29(F)(1), whether the dismissal was in D.D.'s best interests is irrelevant for purposes of this appeal.

**{¶24}** Based on the language of the rule, a dismissal pursuant to Juv.R. 29(F)(1) must be premised on the allegations of the complaint being unproven. This is in contrast with a dismissal pursuant to Juv.R. 29(F)(2), which is premised on the allegations of the

complaint being admitted or proven. The court here accepted D.D.'s admissions. Under the rule, this means that it was then limited to the actions outlined above in Juv.R. 29(F)(2)(a) through (d). While the court incorporated language from the rule in its journal entry, a reference to the rule is insufficient to bring this dismissal under the scope of Juv.R. 29(F)(1).

{¶25} Because jeopardy did not attach and the state has an appeal as of right pursuant to R.C. 2945.67(A), we turn now to the merits of this appeal.

{¶26} "Subject matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action." *Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462, ¶ 13, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972).

{¶27} We review a trial court's dismissal for lack of subject matter jurisdiction de novo. *Cleveland v. Abrams*, 8th Dist. Cuyahoga Nos. 92843 and 92844, 2010-Ohio-662, ¶ 12. In conducting a de novo review, this court conducts an independent review of the record and does not defer to the lower court's decision. *In re J.V.*, 189 Ohio App.3d 287, 2010-Ohio-4017, 938 N.E.2d 81, ¶ 10 (8th Dist.).

{¶28} The court here accepted D.D.'s admissions. Under the rule, this means that it was then limited to the actions outlined above in Juv.R. 29(F)(2)(a) through (d). It was not permitted under the rule to dismiss the complaint. None of these four options authorizes a juvenile court to sua sponte dismiss a complaint for lack of jurisdiction.

**{¶29}** While Juv.R. 29(F)(1) permits a juvenile court to dismiss the complaint "if the allegations of the complaint, indictment, or information were not proven." Here, the juvenile court dismissed the complaint, finding that "the allegations of the complaint have not been proven beyond a reasonable doubt for lack of jurisdiction."

**{¶30}** Juv.R. 10(B) sets forth three requirements for a complaint:

(1)    State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated;

(2)    Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown;

(3)    Be made under oath.

**{¶31}** As conceded by D.D., the complaint in this case satisfied the requirements of Juv.R. 10(B). The complaint included the name and numerical designation of each alleged offense, the street address at which the alleged offenses occurred, and the name and address of D.D.'s parent. Further, the complaint was made under oath.

**{¶32}** Although the complaint did not include the city of Cleveland in its description of the location of the offenses, it was nevertheless sufficient to confer jurisdiction on the juvenile court. The complaint listed the Cleveland address of D.D.'s mother, listed a sergeant from the Cleveland Metropolitan School District as the complainant, and clearly indicated that the alleged offenses occurred within Cuyahoga County, which is within the jurisdiction of the Cuyahoga County Court of Common Pleas, Juvenile Division.

**{¶33}** Therefore, we reverse the decision of the juvenile court and remand the case for lack of a final verdict.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the juvenile court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR